H2rnchaa

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                17 Cr. 105 (JMF)

JACOB CHAIT,

             Defendant.                  Arraignment

------------------------------x

                                New York, New York
                                February 27, 2017
                                2:25 p.m.

Before:

                  HON. JESSE M. FURMAN,

                              District Judge

                        APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  ELIZABETH HANFT
     RICHARD UDELL
     Assistant United States Attorneys

MAYLING BLANCO
     Attorney for Defendant

ALSO PRESENT:

DOROTHY MANERA (U.S. Fish and Wildlife Service)
LORRAINE GAULI-RUFO, CJA Attorney

H2rnchaa

1

2              (Case called)

3              MS. HANFT:  Good afternoon, your Honor, Elizabeth

4     Hanft and Richard Udell, for the government.  With us at

5     counsel table is Senior Special Agent Dorothy Manera of the

6     Fish and Wildlife Service.

7              THE COURT:  Good afternoon to you.

8              MS. BLANCO:  Good afternoon, your Honor.  Mayling

9     Blanco, from the firm of Blank Rome, appearing for the limited

10    purpose of the arraignment only on behalf of our client, Jake

11    Chait.

12             THE COURT:  Good afternoon to you as well.

13             Are you Ms. Gauli-Rufo

14             MS. GAULI-RUFO:  Yes, your Honor.

15             Good afternoon.  Lorraine Gauli-Rufo, CJA counsel.

16             THE COURT:  Good afternoon.  Thank you for being here.

17             Let me begin by introducing myself.  I am Jesse

18    Furman.  I am a United States district judge here in this

19    district.  Mr. Chait, I have been assigned to your case, which

20    means that I will preside over this case up to and including

21    trial, if it were to go to trial; and, if the case were to go

22    that far, I would be the judge who would sentence you as well.

23             Before I proceed, the main purpose of today's

24    proceeding is to arraign you on the indictment and to set a

25    schedule going forward, but I understand there are some issues

H2rnchaa

1    here pertaining to your representation.

2            So does somebody want to fill me in on what the story

3    is there.

4            MS. BLANCO:  Yes, your Honor.

5            So, we have spoken to the defendant, and he has

6    represented that he would be comfortable with a CJA

7    appointment.  He's no longer in a condition to secure private

8    counsel in this matter.

9            THE COURT:  You were retained, is that correct?

10           MS. BLANCO:  We were previously retained.  This case

11   has sort a long preindictment history, so we were retained

12   during that period of time.

13           THE COURT:  Has Mr. Chait completed an affidavit with

14   respect to his financial condition?

15           MS. BLANCO:  I am not aware -- I do not believe so,

16   your Honor.

17           THE COURT:  My deputy has printed one of those out.

18           Why don't we have him do that so I can make a

19   determination whether he is eligible for appointed counsel, and

20   then we can go from there.

21           MS. GAULI-RUFO:  Thank you, your Honor.  May I bring

22   it up?

23           THE COURT:  You may.

24           MS. GAULI-RUFO:  Thank you.

25           THE COURT:  All right.  Ms. Blanco, since you are

4

H2rnchaa

1    currently counsel, this indicates that Mr. Chait has virtually

2    no assets.

3            Is that a fair statement?

4            MS. BLANCO:  That's correct, your Honor.  Virtually no

5    assets because he is employed and has been employed in the

6    family business.  So, because of that, the business has not

7    been doing well for sometime now, and so for that reason he

8    doesn't really have a salary, a set salary.  It's been

9    virtually zero for the past several months to a year, over a

10   year.

11           THE COURT:  All right.  I think in light of that he

12   certainly qualifies for appointed counsel.  I will sign the

13   affidavit and appoint Ms. Gauli-Rufo as counsel and in light of

14   that allow Ms. Blanco and her firm to withdraw.

15           I assume you have some files pertaining to the case?

16           MS. BLANCO:  We do, your Honor.

17           THE COURT:  I would ask, my parting direction in

18   allowing you to get out is that you immediately transfer those

19   to Ms. Gauli-Rufo and provide her with any assistance that she

20   needs to get up to speed and take over representation of

21   Mr. Chait.

22           All right?

23           MS. BLANCO:  That is no problem, your Honor.

24           THE COURT:  You are welcome to remain if you like, but

25   you are also welcome to excuse yourself if you would like.

H2rnchaa

1          MS. BLANCO:  I will remain.

2          THE COURT:  All right.

3          Ms. Hanft, let me turn to you first.  Am I correct

4     there are 69 days left on the speedy trial clock?

5          MS. HANFT:  That is correct, your Honor.

6          THE COURT:  Second, I have read the indictment.  I

7     should say, given the date span of the alleged crime here,

8     that, as counsel may know, I was an assistant United States

9     Attorney in this district until the spring of 2012, when I was

10    appointed to the bench.

11         Given the dates of the alleged conspiracy here, I

12    wanted to confirm, I have no reason to believe that I was

13    involved in this case or any investigation of this case in any

14    way, shape, or form, but I want to confirm with you, Ms. Hanft

15    and you, Mr. Udell, to make sure you don't have any reason to

16    think otherwise yourselves.

17         MS. HANFT:  I don't believe so, your Honor, but if you

18    don't mind giving me one moment to confer with Mr. Udell.

19         THE COURT:  All right.

20         MS. HANFT:  Your Honor, although the investigation has

21    spanned a long period, it didn't come to the Southern District

22    until the summer of 2015, so I don't believe your Honor was

23    with the U.S. Attorney's Office at that point.

24         THE COURT:  I definitely was not.  Also, I think

25    probably would have remembered this case given it is unusual,

H2rnchaa

1    and it is not every case that involves the facts alleged here.

2    So I think it's fair to say that I would remember it if I had

3    any involvement in it.

4              Ms. Gauli-Rufo, I think in light of that there's no

5    basis or reason for me to recuse myself from this matter, but

6    if you have any reason to think otherwise, you can file a

7    motion on that score within two weeks of today.  I will set a

8    deadline for any other motions, but any such motion of that

9    nature should be filed two weeks from today.

10             All right?

11             MS. GAULI-RUFO:  Thank you, your Honor.  Yes.

12             THE COURT:  All right.

13             Back to you, Ms. Hanft.  Let me ask you, or Mr. Udell

14   if that would make more sense, to give me a little bit of

15   background about the nature of the charge and the nature and

16   the status of discovery.

17             MS. HANFT:  Well, your Honor, the indictment alleges

18   the defendant with engaging in a conspiracy.  Here he was

19   involved in the management of an auction house, and the

20   indictment alleges that he conspired to violate the Lacey Act,

21   two particular provisions, the false labeling provision and the

22   trafficking provision and to smuggle.  So, the investigation,

23   as defense counsel alluded to, there was an extensive

24   preindictment investigation.  It includes execution of a search

25   warrant at the auction house where the defendant was employed.

7

H2rnchaa

1   The discovery is, as your Honor can imagine, fairly voluminous.

2   For that reason we would request approximately one month to

3   produce discovery.

4           THE COURT:  All right.  Can you describe for me a

5   little bit more what the nature of the discovery is.

6           MS. HANFT:  Primarily it's documentary and

7   photographic evidence, your Honor.  But that's the bulk of

8   discovery in this case, both hard copy and electronically

9   stored documents.

10          THE COURT:  Did the defendant make any postarrest

11  statements?

12          MS. HANFT:  There are no postarrest statements at

13  issue, your Honor.  The only statements relevant here are a

14  recording of the defendant from a prior investigation in which

15  he was not a target.  I front the issue for the Court just to

16  let the Court know there is such a recording.

17          THE COURT:  All right.  Thank you.

18          So, before we get into the schedule, let me proceed to

19  the arraignment of Mr. Chait.

20          Mr. Chait, would you please rise.

21          Have you seen a copy of the indictment 17 Cr. 105

22  charging you with one count of conspiracy in violation of Title

23  18, United States Code, Section 371?

24          THE DEFENDANT:  Yes, your Honor, I have.

25          THE COURT:  And have you discussed it with counsel,

H2rnchaa

1    presumably your outgoing counsel, not Ms. Gauli-Rufo, but have

2    you discussed it with counsel?

3                THE DEFENDANT:  Yes.  Correct, your Honor.

4                THE COURT:  Would you like me to read it out loud, or

5    do you waive its public reading?

6                THE DEFENDANT:  I waive its public reading.

7                THE COURT:  How do you plead at this time?

8                Guilty or not guilty?

9                THE DEFENDANT:  Guilty, your Honor.

10               THE COURT:  Thank you.  You may be seated.

11               So I will give the government one month from today to

12   complete discovery of whatever Rule 16 materials it has in its

13   possession with the understanding, Ms. Hanft, that you should

14   do so on a rolling basis, which is to say don't wait until

15   March 27 to complete discovery or to provide all discovery but

16   over the course of the next four weeks -- you picked a short

17   month to ask for the month.  You should produce discovery on a

18   rolling basis.

19               Ms. Gauli-Rufo, let me turn to you.  I don't think you

20   have had the pleasure of appearing before me, but my practice

21   is to set a deadline for the filing of any defense motions, and

22   then have you all come back for a pretrial conference shortly

23   after any such motion would be fully briefed.

24               So, I recognize that you are a bit new to this.  I

25   don't know if you have even had a chance to review the

H2rnchaa

1   indictment or understand or know the scope of the charge here,

2   but my question to you is how much time you would need to

3   prepare any motions before filing?

4           MS. GAULI-RUFO:  Thank you, your Honor.

5           I have briefly reviewed the indictment and spoken with

6   my client's prior counsel a little bit today.  But just hearing

7   from the U.S. Attorney that the discovery is voluminous and she

8   should have it to us within a month, again, I would ask for at

9   least a month to file motions, again, only because I'm coming

10  into this case new, and I'm sure there's a lot of preindictment

11  material that I'm going to get from his previous counsel as

12  well.

13          So, if I could have a month, a date in April, your

14  Honor, preferably late April.  The only reason I say that to

15  your Honor is I do have a trial starting on March 20 before

16  Judge Rakoff, it should be a week or two week trial, but I

17  don't anticipate that preventing me from getting motions filed

18  by the end of April.

19          THE COURT:  All right.

20          I will, in light of that, set a deadline for the

21  filing of any defense motions, that is, other than the category

22  of motion that I mentioned earlier, by April 28.  Any

23  opposition would be due by May 12, and any reply would be due

24  by May 19.

25          As I said, I will have you back shortly after any such

H2rnchaa

1    motion would be fully briefed.  Let me give you a date for

2    that.

3          I will have you back on May 25 at 4 p.m.  You should

4    be prepared to address any motions that are filed.  If they're

5    the kind of motion that I could address from the bench, I may

6    well do so.  If there is a need for a hearing, I will either

7    have scheduled it by that conference or we will schedule it at

8    that conference.

9          In either case, whether a motion is filed or not, I

10   will be setting a trial date at that May 25 conference, so you

11   should discuss with one another in advance of the conference

12   how long a trial would likely take and when you would want a

13   trial to be scheduled.

14         I'm happy to accommodate your interests in that regard

15   if I can, if your interests are reasonable, but I will be

16   setting a trial date, and everybody knows when I set a trial

17   date, it is, as far as I am concerned, a firm date.  So you

18   should prepare accordingly and talk to one another in advance

19   of that conference.

20         Is there an application with respect to the speedy

21   trial clock?

22         MS. HANFT:  Yes, your Honor.

23         The government moves to exclude time in the interest

24   of justice until May 25 for the production and review of

25   discovery and for the parties to engage in discussions

H2rnchaa

1    regarding a potential resolution of this matter.

2              THE COURT:  Any objection?

3              MS. GAULI-RUFO:  No objection, your Honor.

4              THE COURT:  I will exclude time under the Speedy Trial

5    Act between today and May 25, 2017.  I find that the ends of

6    justice served by excluding that time outweigh the interests of

7    the defendant and the public in a speedy trial to allow the

8    government to produce discovery, and, most importantly, to

9    allow the defendant, with the assistance of counsel, to review

10   that discovery, to determine if there are any motions to be

11   filed and to prepare those motions.

12             Anything else, Ms. Hanft?

13             MS. HANFT:  Not from the government, your Honor.

14             THE COURT:  Ms. Gauli-Rufo.

15             MS. GAULI-RUFO:  Not from the defendant, your Honor.

16             THE COURT:  In that case we are adjourned.

17             Thank you very much.

18             MS. GAULI-RUFO:  Thank you, your Honor.

19             (Adjourned)

20

21

22

23

24

25