UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
             :
UNITED STATES OF AMERICA,           :
             :
        -v-            :          17-CR-105 (JMF)
             :
JACOB CHAIT,           :      MEMORANDUM OPINION
             :          AND ORDER
        Defendant.     :
             :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On December 1, 2017, Defendant Jacob Chait filed a motion seeking (1) leave to file a pretrial motion out of time; and (2) dismissal, for improper venue, of the one-count Indictment charging him with conspiracy to commit various offenses relating to the transportation and export of rhinoceros horns. (Docket Nos. 41-42). Chait is granted leave, on consent, to file a pretrial motion out of time. (*See* Docket No. 45 ("Gov't Opp'n"), at 1 n.1). Upon review of the parties' motion papers, however, Chait's motion is denied, substantially for the reasons set forth in the Government's memorandum of law. (*See* Gov't Opp'n 3-9).

Put briefly, "[w]here venue is challenged on a pre-trial motion to dismiss, the Government's burden is limited to showing that the indictment alleges facts sufficient to support venue." *United States v. Peterson*, 357 F. Supp. 2d 748, 751 (S.D.N.Y. 2005). In a conspiracy case, that means that the Indictment must allege that at least one "overt act in furtherance of the conspiracy" — that is, "any act performed by any conspirator for the purpose of accomplishing the objectives of the conspiracy" — occurred in the district of prosecution. *United States v. Tzolov*, 642 F.3d 314, 319-20 (2d Cir. 2011) (internal quotation marks and citation omitted). The Indictment here does so, as it identifies as "overt acts" in furtherance of the charged conspiracy a

series of communications to, and meetings with, people in Manhattan. (Docket No. 1 ("Indictment") ¶¶ 83, 122-23, 125-28). Chait contends that those acts do not suffice because they do not, in themselves, constitute illegal conduct. (*See* Docket No. 46 ("Chait Reply"), at 4). To qualify as an "overt act," however, an "act need not be unlawful; it can be any act, innocent or illegal, as long as it is done in furtherance of the object or purpose of the conspiracy." *Tzolov*, 642 F.3d at 320. Whether the evidence supports that allegation — that is, whether the charged acts were in fact done "in furtherance of the object or purpose of the conspiracy" — is an issue for trial. *See, e.g.*, *United States v. Ohle*, 678 F. Supp. 2d 215, 231-32 (S.D.N.Y. 2010).

Separately, Chait contends that the Indictment should be dismissed on the basis of the "substantial contacts" test (*see, e.g.*, Chait Reply 1-3), which "'takes into account a number of factors,' including the 'site of the defendant's acts' and 'the locus of the effect of the criminal conduct.'" *United States v. Rutigliano*, 790 F.3d 389, 399 (2d Cir. 2015) (quoting *United States v. Coplan*, 703 F.3d 46, 80 (2d Cir. 2012)). The "substantial contacts" test does not even apply, however, unless the defendant establishes that "'prosecution in the contested district will result in a hardship to him, prejudice him, or undermine the fairness of his trial.'" *Id.* (quoting *Coplan*, 703 F.3d at 80); *see also, e.g.*, *United States v. Gross*, No. 15-CR-769 (AJN), 2017 WL 4685111, at *37 (S.D.N.Y. Oct. 18, 2017). Chait fails to do so. It is true that he resides in California and that there may be witnesses and evidence located in California — although he conspicuously fails to identify any such witnesses or evidence with particularity. *Cf. GJN Advisors, Inc. v. Woolrich, Inc.*, No. 3:09-CV-338 (MRK), 2009 WL 1992965, at *1 (D. Conn. July 9, 2009) (Kravitz, J.) (noting that the convenience of witnesses weighs in favor of the transfer of a *civil* case pursuant to Title 28, United States Code, Section 1404(a) only where the moving party "identif[ies] the witnesses located in the transferee district upon whom it intends to rely and

describe[s] the content of their potential testimony. Vague generalizations and failure to clearly specify the key witnesses to be called are an insufficient basis upon which to grant a change of venue." (internal quotation marks and ellipses omitted)). But, given technology and the ease of travel, such inconvenience does not suffice in this day and age. *Cf. United States v. Quinn*, 401 F. Supp. 2d 80, 86 (D.D.C. 2005) (citing "the massive expansion of technology and the relative decline in costs for long-distance travel over the past few decades" as explanations for "the trend in recent years away from granting transfers," pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, "to mitigate the financial, emotional, or practical burdens of trial in a distant locale"). And, in any event, even if the Court were to apply the "substantial contacts" test, consideration of the relevant factors — "the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate factfinding," *Coplan*, 703 F.3d at 80 (internal quotation marks and citation omitted) — would not call for transfer, let alone dismissal.

For the foregoing reasons, Chait is granted leave to file a motion out of time, but that motion — to dismiss for improper venue — is denied. The Clerk of Court is directed to terminate Docket No. 41.

SO ORDERED.

Dated: December 18, 2017
      New York, New York

JESSE M. FURMAN
United States District Judge