

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 22, 2018

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States* **v.** *Jacob Chait*, 17 Cr. 105 (JMF)

Dear Judge Furman:

    The Government writes to inform the Court of recent developments in the above-captioned case concerning the Government's discovery obligations.

    In the course of preparing for trial, the Government has determined that certain materials discoverable under Federal Rule of Criminal Procedure 16 ("Rule 16"), including statements of the defendant, were not previously produced to the defense. Specifically, the Government discovered (1) statements made by the defendant in May 2012 to a United States Fish & Wildlife ("FWS") Inspector relating to seizure of ivory figurines; and (2) statements made by the defendant in October 2012 to a FWS Special Agent regarding the seizure of black rhinoceros carvings. As soon as the Government learned that these statements were in the prosecution team's possession but had not been produced, on January 12, 2018, the Government produced them to the defense. At that time, the Government also informed defense counsel that the Government was conducting further searches, including of the files for the FWS's Office of Law Enforcement's other cases related to "Operation Crash" (FWS's ongoing operation into the illegal trade of rhinoceros horn and elephant ivory, which includes cases in other Districts), and in the files belonging to the prosecution team, to determine if any other Rule 16 materials might be found that had not previously been produced.

    Defense counsel responded in a letter dated January 16, 2018, requesting that the Government provide additional assurances to the defense that no additional Rule 16 disclosures had been overlooked and similarly not provided. In that letter, defense counsel also requested that the files of all members of the prosecution team, past and present (specifically, Richard Udell, Senior Litigation Counsel at the Department of Justice's Environmental Crimes Section and Kathleen O'Leary, an Assistant United States Attorney from the District of New Jersey, where this case was first investigated), including all FWS agents or officers who worked with the prosecution team on this matter, be searched for Rule 16 materials—a process that the Government had already begun. The defense further requested any reports or notes in the possession of the FWS Inspector

and FWS Special Agent identified as having spoken with the defendant in the January 12, 2018 production, regarding any conversations they may have had with the defendant.

The Government is working to respond to defense counsel's request and is in the process of conducting an extensive review of all potentially related case files to which members of the prosecution team, both past and present, have access to remedy deficiencies in our past discovery production. We have been producing responsive items that are located without delay. On January 18, 2018, the Government produced several additional responsive items, including emails, handwritten notes, and a voicemail left by the defendant's father, that were in the possession of the FWS Inspector and Special Agent. We further produced certain additional documents to the defense on January 20, 2018. The Government has also undertaken efforts to identify other FWS agents or employees who may have had conversations with the defendant during the relevant timeframe (in part based on emails that were previously produced to the defense that suggested such conversations may have taken place), so as to produce any notes or reports it may have of such statements.

The Government takes its discovery obligations seriously and is attempting to remedy the situation as diligently and quickly as possible. Unfortunately, the Government is not presently able to represent that all Rule 16 materials in the possession of any member of the prosecution team, past or present, have been provided to the defense, for two primary reasons. First, and in certain cases in an abundance of caution, the Government has undertaken to review a large volume of cases and files, many of which are located outside of New York, either by traveling to those locations or by having the materials shipped to the District. Those materials, comprised of many boxes of records, have not yet all arrived in the District. Second, the Government shutdown has severely impacted the Government's ability to conduct its search in a number of ways. For example, FWS agents, including members of the prosecution team as well as potential witnesses who have been directed to search their files, not only for Rule 16 material but also for *Jencks* material in advance of trial, are not currently permitted to perform normal functions. Nor are the primary case agents currently permitted even to travel to the District to assist in trial preparation. As a result, the Government is concerned that we may not complete our review with adequate time for the defense to review the materials sufficiently in advance of trial.

      The Government notes that, should the Court wish to discuss these issues, it is available at the Court's convenience. Upon consulting with defense counsel, the Government believes that the defense is available on Monday and Tuesday morning in person, but is then traveling out of the District starting Tuesday afternoon. The defense would, however, be available via teleconference.

                      Respectfully submitted,

                      GEOFFREY S. BERMAN
                      United States Attorney

                By:  /s/_____
                      Eun Young Choi
                      Elizabeth A. Hanft
                      Assistant United States Attorneys
                      (212) 637-2334/2187
                      Richard A. Udell
                      Senior Litigation Counsel
                      Environmental Crimes Section
                      (202) 305-0361

cc:  Carlos Ortiz, Esq. (by ECF)
      Mayling Blanco, Esq. (by ECF)
      Anna Svensson, Esq. (by ECF)